JOSEPHINE H. BLACK AND WILLIAM T. BLACK, APPELLANTS, *v.* THE HOMŒPATHIC MUTUAL LIFE INSURANCE COMPANY, RESPONDENT.

*Complaint against a life insurance company — when held not to state a cause of action.*

The complaint in this action alleged the incorporation of the defendant, the issuance by it of a policy of insurance to the plaintiffs upon the life of one W. T. Black; that the defendant contracted to keep on hand, during the continuance of the said policy, sufficient assets to meet the obligation on the contract aforesaid in accordance with the rule prescribed by the statutes of this State, and that the defendant had violated its contract aforesaid and became, and was and ever since has been, insolvent, and that the present value of the policy (a copy of which was annexed to the complaint and formed a part thereof) was $2,329.09, and demanded judgment for this sum.    The policy of insurance contained no reference to the statutes of the State or agreement to comply therewith.

*Held,* that a demurrer, interposed by the defendant upon the ground that the complaint did not state facts sufficient to constitute a cause of action, should be sustained.

That there existed no rule of law requiring that the statutes should be considered as though inserted in the policy.

*People* v. *Security Life Insurance and Annuity Company* (78 N. Y., 114) distinguished.

That the mere insolvency of the defendant did not justify this action.

*Lovell* v. *St. Louis Mutual Life Insurance Company* (111 U. S., 264) distinguished.

APPEAL from a judgment dismissing the complaint, entered upon an order sustaining a demurrer to the complaint interposed by the defendant.

*Raphael J. Moses, Jr.,* for the appellants

*Stewart L. Woodford,* for the respondent.

VAN BRUNT, P. J.:

The complaint in this action alleged the incorporation of the defendant; the issuance by the defendant of a policy of insurance

to the plaintiffs upon the life of William T. Black; that the defend-
ant contracted to keep on hand, during the continuance of the said
policy, sufficient assets to meet the obligation on the contract afore-
said, in accordance with the rule prescribed by the statutes of this
State; and that the defendant had violated its contract aforesaid and
became and was, and ever since has been insolvent; and that the
present value of the policy (a copy of which was annexed to the
complaint and formed part thereof) was $2,329.09, and judgment
was demanded for this sum.   To this complaint the defendant
demurred, upon the ground that said complaint did not state facts
sufficient to constitute a cause of action.   This demurrer was sustained
at the Special Term, and from the judgment thereupon entered, and
the order overruling the demurrer, this appeal has been taken.   No
matter what may be the allegations in the complaint as to the legal
effect of a contract, if such contract is annexed to and forms part of
the complaint, such legal effect must be gathered from the contract
itself, and not from the allegations in such complaint.   The contract
of insurance in this case contains no reference to the statutes of this
State and contains no such contract as is alleged in the complaint
herein.   It is claimed, however, that the statutes under which the
defendant does business are to be considered as though inserted in
the policy.   We have failed to discover that the authorities cited
support the broad proposition above claimed, no such question being
involved in those cases, and none such being decided.

The plaintiff apparently bases his claim upon the language of the
court in the case of the *People* v. *Security Life Insurance and
Annuity Company* (78 N. Y., 114).   Some of the language used
in that case, taken alone, apart from the questions adjudicated upon,
supports the claim of the plaintiffs herein, but an examination of
that case shows that the court had in mind a very different state
of facts from those stated in the complaint herein.   The court was
dealing with a defunct corporation and was determining the ques-
tion as to the rights of various claimants to share in its assets.   It
was held that the policyholders became creditors because of the
breach of the agreement to receive annual premiums and carry the
insurance to its term.   It is true that other and more far-reaching
language was used, but it is clear that the point upon which the
attention of the court was fixed was the fact that the company had

discontinued business and had thereby made it impossible for the assured to pay premiums, and had thereby broken its engagements with its policyholders whereby it became liable to them on account of the breach. None of these features appear in the case at bar. The defendant, from all that appears upon these papers, is conducting its business as usual and paying all claims made against it.

If the defendant is insolvent as alleged, proceedings should be taken for its dissolution and the distribution of its assets, but such insolvency gives the plaintiffs no claim to a preference in the distribution of such assets merely because he has made the discovery. The case of *Lovell* v. *St. Louis Mutual Life Insurance Company* (111 U. S., 264,) which the appellant cites as directly in point, does not seem to have any application to the case at bar.

The right to maintain the action in the case last cited was upheld, because the defendant had terminated its business as a life insurance company and transferred all its assets and policies to another company, thereby reiterating the rule which had long before prevailed in this State. (*Fischer* v. *Hope Mutual Life Insurance Company* 69 N. Y., 161.) We fail to see anything in these authorities which in any way supports the contention of the plaintiffs, and until the right to maintain such an action receives the approbation of the court of last resort, we cannot import into our jurisprudence so novel a procedure.

The Judgment and order appealed from must be affirmed, with costs.

Brady and Daniels, JJ., concurred.

Judgment and order affirmed, with costs.